LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WALTER NEIRA VASQUEZ
and JOHN DOE,
*on behalf of themselves and*
*FLSA Collective Plaintiffs*,

        Plaintiffs,

    v.

GRK 451 LEXINGTON AVE LLC d/b/a GRK,
FULTON QUALITY FOODS LLC d/b/a GRK
and GEORGIOS NIKAS,

        Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, WALTER NEIRA VASQUEZ and JOHN DOE, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, GRK 451 LEXINGTON AVE LLC d/b/a GRK, FULTON QUALITY FOODS LLC d/b/a GRK ("Corporate Defendants") and GEORGIOS NIKAS ("Individual Defendant," and together with Corporate Defendants, "Defendants"), and state as follows:

1

**INTRODUCTION**

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wages, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid minimum wages, (2) liquidated damages and statutory penalties and (3) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5. Plaintiff, WALTER NEIRA VASQUEZ, is a resident of Queens County, New York.

6. Defendants operate a restaurant enteprise using the trade name, "GRK," at the following locations:

(a) 451 Lexington Avenue, New York, New York 10017 ("Midtown East"); and

(b) 111 Fulton Street, New York, New York 10038 ("Financial District")

(collectively, the "Restaurants"). Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose. The Restaurants are commonly owned by the Individual Defendant GEORGIOS NIKAS. The Restaurants serve similar menu

items and are categorized as Greek cuisine. The Restaurants are advertised and marketed jointly on the internet through their website "www.grkfresh.com/home". In addition, supplies and employees are interchangeable between the Restaurants.

7. Defendants operate the Restaurants through the following Corporate Defendants:

(a)    Corporate Defendant GRK 451 LEXINGTON AVE LLC d/b/a GRK is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 451 Lexington Avenue, New York, New York 10017 and an address for service of process located at c/o Fulton Quality Foods, 111 Fulton Street, New York, New York 10038. Defendants operate their "GRK" Midtown East restaurant through Corporate Defendant GRK 451 LEXINGTON AVE LLC.

(b)    Corporate Defendant FULTON QUALITY FOODS LLC d/b/a GRK is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 111 Fulton Street, Unit C-1, New York, New York 10038 and an address for service of process located at 25 Columbus Circle, Apartment 52G, New York, New York 10019. Defendants operate their "GRK" Financial District restaurant through Corporate Defendant FULTON QUALITY FOODS LLC.

8. Upon information and belief, Defendant, GEORGIOS NIKAS, is the owner and founder of Corporate Defendants. GEORGIOS NIKAS exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9.   At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper minimum wage.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**STATEMENT OF FACTS**

15. On or about February 1, 2015, Plaintiff, WALTER NEIRA VASQUEZ, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' "GRK" restaurant located at 451 Lexington Avenue, New York, New York 10017.

16. WALTER NEIRA VASQUEZ worked for Defendants until on or about August 31, 2016.

17. During the employment of Plaintiff by Defendants, WALTER NEIRA VASQUEZ worked approximately 27 hours per workweek as follows: Mondays and Wednesdays from 5pm to 9:30pm, Tuesdays and Thursdays from 5pm to 10pm, and Fridays from 11am to 7pm. WALTER NEIRA VASQUEZ received an hourly rate of $7.50.

18. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

19. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

20. Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, and (iii) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law. Defendants also caused Plaintiffs and other tipped employees to spend more than 2 hours

5

or 20% of their shift on non-tipped activities. Plaintiffs and all other tipped employees were required to regularly clean tables throughout the day, take out the garbage, clean the bathroom on a daily basis, clean the restaurant door, and receive and stock inventory.

21. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiffs reallege and reaver Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

24. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

25. Upon information and belief, at all relevant times, each of Defendants, GRK 451 LEXINGTON AVE LLC d/b/a GRK and FULTON QUALITY FOODS LLC d/b/a GRK, had gross revenues in excess of $500,000.

26.  Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

6

27. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

28. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

29. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory minimum wage rate for all hours worked when Defendants knew or should have known such was due.

30. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

32. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

33. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

34. Plaintiffs reallege and reaver Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

36. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

37. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

38. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

8

d.  An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages pursuant to the New York Labor Law;

h.  An award of statutory penalties, and prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: September 19, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:  ___/s/ C.K. Lee_____
        C.K. Lee, Esq. (CL 4086)

9